UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 21-CR-157
[18 U.S.C. §§ 2(a), 2113(a) and (d),
924(c)(1)(A)(ii), 922(g)(1) & 924(a)(2)]

JEFFREY MOORE,
CURTIS MCGHEE, and
BARRON MILANS,
a/k/a BARRON MILAMS,

    Defendants.

---

## INDICTMENT

---

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about June 22, 2021, in the State and Eastern District of Wisconsin,

**JEFFREY MOORE,
CURTIS MCGHEE, and
BARRON MILANS,
a/k/a BARRON MILAMS,**

did take by force, violence, and intimidation, from the presence of Associated Bank employees, U.S. currency belonging to and in the care, custody, control, management, and possession of the Associated Bank, a financial institution located on West Capitol Drive in the City of Milwaukee, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing this offense, put in jeopardy the life of Associated Bank employees by the use of a dangerous weapon, namely a firearm.

In violation of Title 18, United States Code, Sections 2113(a) and (d), and 2(a).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 22, 2021, in the State and Eastern District of Wisconsin,

**JEFFREY MOORE and
CURTIS MCGHEE**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence, for which each may be prosecuted in a court of the United States, that is Count One of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 22, 2021, in the State and Eastern District of Wisconsin,

**JEFFREY MOORE,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is more fully described as a Ruger LC9 9mm pistol with an obliterated serial number.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 22, 2021, in the State and Eastern District of Wisconsin,

**CURTIS MCGHEE,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm which, prior to his possession of it, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearm is more fully described as a Ruger LC9 9mm pistol with an obliterated serial number.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE NOTICE

1. Upon conviction of the offense in violation of Title 18, United States Code, Sections 2113(a) and (d), as set forth in Count One of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense, which totals $2,444.00 in United States Currency recovered by law enforcement agents during the arrest of the defendants on June 22, 2021.

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii), and 922(g)(1), as set forth in this Indictment, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to: a Ruger LC9 9mm pistol with an obliterated serial number.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

[signature redacted]

FOREPERSON
Dated: July 27, 2021

[signature]

RICHARD G. FROHLING
Acting United States Attorney